Opinion of the Court by
Chief Justice Hobson—
Affirming.
In 1848 Nathaniel Oollinsi had a survey made of 150 acres of land in what was then Letcher County, and in 1850 a patent was issued to him for it. In 1851 Polly Bentley had a survey made of 100 acres of land and on this survey a patent was issued to her in 1852. These two patents lapped. Robert Bates claims under the Bentley patent; Cus Pigman under the Collins patent, the dispute between them being as to which one of them owns now the land within the lap. It is conceded that the Collins patent is the older, but Bates insists that he owns the lap now by adverse possession. He brought this action against Pigman to quiet his title, and the Circuit Court having dismissed his petition, he appeals.
The proof on the trial shows that John Taylor, who ■ claimed under the Bentley patent, moved on the land in 1885, building his house outside of the lap, and that while he lived there he extended his clearing over' the line and included about three acres1 of the lap. He continued to live there, holding the land in this way until 1888, when he sold it to Bates and Bates has since been in possession. It is insisted for him that at the time Taylor entered within the lap no possession had been taken under the Collins patent and that, therefore his possession extended to the calls of his patent. But the proof does not sustain this view. It shows) that Taylor did not intend to intrude upon the Collins patent. He *840 recognized the Collins title and it was a mistake on his part when he accidentally got over the line. The original bond which he gave to Bates is produced and we agree with the Circuit Court that this bond has been mutilated since it wa® originally drawn. It called for Collins’ line. The proof is also to the effect that after Bates came in, Collinsi told Bates that he was over the line and that he would have to sue him; that Bates then, said that he would pay him for the land. The record taken as a whole shows no adverse holding in the lifetime of Collins' of any part of the Collins’ tract and there being no adverse possession of the land within the lap for 15 yearsi, the circuit court properly dismissed Bates’ petition seeking to quiet his title to the land outside of his enclosure.
Judgment affirmed.